IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN REID-DOUGLAS; THOMAS SCOTT; DALIYL MUHAMMAD, Plaintiffs, vs. JOHN WETZEL *Secretary of Corrections of the Pennsylvania Department of Corrections*; JAMES BARNACLE *Director of the Office of Special Investigation and Intelligence*; DAVID PITKINS *Deputy Secretary of the Western Region of Pennsylvania's Department of Corrections*; ERIN BROWN *Chief of Background Investigations of the Pennsylvania Department of Corrections*; JOANNE TORMA *Director of the Office of Population Management of the PA DOC*; VICTOR MIRARCHI *Chief of Security within DOC*; DIANA WOODSIDE *Director of Policy and grants for the PA DOC*; SHAWN KEPHART *Director of the Bureau of Treatment Services of the PA DOC*; ROBIN LEWIS *Deputy Chief Counsel for Hearings and Appeals of the PA DOC*; LORRINDA WINFIELD *Deputy Superintendent for Facilities Management At SCI Greene*; CAPT TANNER *Security Captain*; WALLACE LEGGETT *Major of Unit Management at SCI Greene*; CRAIG HAYWOOD *Major of Unit Management at SCI Greene*; Officer LECHNER; SCI-GREENE SECURITY DEPARTMENT; LOUIS FOLINO *Superintendent of SCI Greene*; G. BAKER; CO T. JOHNSON; COL RAMBLER; COL. HARKLEROAD; C.O. COY, Defendants. | Civil Action No. 15-533 Chief Magistrate Judge Maureen P. Kelly Re: ECF No. 41 |

1

# REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

Plaintiffs are three prisoners who are or were incarcerated at the State Correctional Institution in Greene County, Pennsylvania ("SCI – Greene"). Defendants are all employees or officials of the Pennsylvania Department of Corrections ("DOC"). Through this action, Plaintiffs challenge housing placement in a Security Threat Group Management Unit ("STGMU"), contending that procedures implemented to determine whether an inmate should be assigned to the unit violate procedural and substantive due process under the Fourteenth Amendment of the United States Constitution; violate the Ex Post Facto Clause contained in the United States Constitution; and, because placement appears to them to be based upon religious affiliation, violate the First Amendment.

For the following reasons, it is respectfully recommended that Defendants' Motion to Dismiss Plaintiffs' Complaint, (ECF No. 41), be granted.

II. **REPORT**

   A. **Procedural History**

Plaintiffs initially filed this action in the United States District Court for the Middle District of Pennsylvania on June 18, 2014. Thereafter, upon service of the Complaint, Defendants filed a Motion to Dismiss (ECF No. 41) contending, *inter alia*, that Plaintiffs have failed to allege facts sufficient to sustain any claims set forth in the Complaint. On December 29, 2014, Plaintiffs filed a Motion for Extension of Time to File Brief in opposition to the Motion to Dismiss. (ECF No. 45). Judge John E. Jones, III, entered an Order granting Plaintiffs' Motion for an Extension of Time to respond to the Motion to Dismiss, and provided Plaintiffs

until May 19, 2015 to file their response. (ECF No. 47). To date, no response has been filed to the Motion to Dismiss.[1]

On April 23, 2015, Judge Jones transferred Plaintiffs' action to this Court, noting that Plaintiffs' claims arose in this District. (ECF No. 49). Upon transfer, it was noted that Plaintiff Scott had failed to provide the transferring Court and this Court with an address of record and copies of orders entered on the docket had been refused and returned to the Court. (ECF No. 48). An Order to Show Cause was entered as to Plaintiff Scott, returnable May 21, 2015, to show cause why this action should not be dismissed for failure to provide the Court with his current address. To date, no response has been received.

**B.   Standard Of Review**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Eid v. Thompson, 740 F.3d 118, 122 (3d Cir.2014) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). Although the court must accept the allegations in the complaint as true, "[it is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d

---

[1] Plaintiff Stephen Reid-Douglas has requested an Order permitting former inmate Plaintiff Scott to visit him to coordinate their response (ECF Nos. 46 and 52). However, nothing of record establishes that Plaintiffs were prevented from corresponding with each other upon inmate Scott's release from prison to discuss any issues related to formulating their response to the Motion to Dismiss, which has been pending since November 24, 2014.

3

Cir. 2007)). In addition, merely pleading facts consistent with liability is not sufficient; the plaintiff must plead facts which permit the court to make a reasonable inference that the defendant is liable. Bell Atlantic Co. v. Twombly, 550 U.S. 544, 556, 570 (2007).

Generally, a district court may not consider matters outside of the Complaint when ruling on a Rule 12(b)(6) motion to dismiss. "If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). An exception to this rule exists whereby courts may consider, for Rule 12(b)(6) purposes: (i) exhibits that are attached to the complaint, (ii) matters of public record, and (iii) any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a Section 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir. 1999)). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege

sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir.1996).

    **C.    Discussion**

        **1. The class action claim must be dismissed**.

Plaintiffs purport to pursue this civil rights Complaint as a class action. However, because Plaintiffs are prisoners proceeding *pro se*, they may not commence a class action lawsuit. See, e.g., Awala v. New Jersey Dept. of Corrections, 227 F. App'x 133, 134 (3d Cir. 2007) (affirming where the "District Court dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), concluding that as a *pro se* prisoner without formal training in the law who is no longer being detained in the same prison facility as the other proposed class members, Awala would not be able to adequately represent the interests of the class and maintain the suit as a class action"); Bricker v. McVey, NO. CIV 1:CV–08–01033, 2009 WL 960383, at *8 n. 11 (M.D. Pa. April 7, 2009) ("When confronting such a request from a prisoner, courts have consistently held that a prisoner acting *pro se* 'is inadequate to represent the interests of his fellow inmates in a class action.'") (quoting Carter v. Taylor, 540 F. Supp.2d 522, 527 (D. Del. 2008)); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J.1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993) (table decision) (stating that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action"). Accordingly, any putative class action claims set forth in Plaintiffs' Second Amended Complaint should be dismissed.

        **2. Daliyl Muhammad must be struck as a party plaintiff.**

Although this action has purportedly been brought in the name Steven Reid-Douglas, Thomas Scott and Daliyl Muhammad, the Complaint was signed only by Reid-Douglas and

Scott. (ECF Nos. 1 at p. 4 and 1–1 p. 26). Plaintiffs are not attorneys and cannot sign pleadings on behalf of anyone. 61B Am.Jur.2d Pleading § 835 (2011) ("A pleading that purports to be filed on behalf of more than one party to a matter must be signed by each party or, if a party is represented, by the party's attorney."); Scarella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir. 1976) ("Rule 11 of the Federal Rules of Civil Procedure requires that every pleading be signed by the party filing it, or by that party's attorney. Here the notice of appeal, which was purported to be on behalf of all appellants, was signed only by appellant Scarrella, who is not an attorney. Since appellants Bullock and Brisson did not sign the notice of appeal, their appeals must be dismissed"); Williams v. Frame, 145 F.R.D. 65 (E.D. Pa.1992) ("Since Dejesus did not sign the complaint individually and sought to have a nonlawyer 'sign' it for her, the complaint as to Dejesus is not in conformity with Rule 11. Rule 11 states that 'if a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.'"). See Fed.R.Civ.P. 11(a). Accordingly, because Plaintiffs Reid-Douglas and Scott are not attorneys, and Muhammad did not sign the complaint, Muhammad's claims should be dismissed without prejudice.

### 3. Plaintiffs cannot maintain claims regarding housing placement as a matter of law.

Plaintiffs cannot maintain their claims regarding placement in the SCI-Greene STGMU as a matter of law because the Complaint fails to allege that any have been assigned to *and* placed in the STGMU. The Complaint unequivocally alleges that "Reid-Douglas was never physically in the STGMU." (ECF No. 1-1, ¶ 67). The allegations contained in the Complaint with regard to Scott and Muhammad do not state that either has been assigned to *and* placed in the STGMU. Given that Plaintiffs have never been placed in the unit at issue, a justiciable claim is not presented. (ECF No. 1-1, ¶ 67).

6

> No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Standing provides "justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The Supreme Court has described three elements that comprise the "irreducable constitutional minimum of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A plaintiff must first "have suffered an 'injury in fact'- an invasion of a legally protected interest which is (a) concrete and particularized [citations omitted] and (b) 'actual or imminent, not 'conjectural or hypothetical.'" Id. (quoting Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Next, the injury suffered by the plaintiff must by causally connected to the conduct of which the plaintiff complains: "the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before the court.'" Id. (quoting Simon, 426 U.S. at 41–42). Finally, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id.

Rosario v. Scism, No. 1:10-CV- 2600, 2011 WL 398200, at *4 (M.D. Pa. Jan. 20, 2011) *report and recommendation adopted*, No. 1:10-CV-2600, 2011 WL 444145 (M.D. Pa. Feb. 1, 2011)(quoting Griffin v. Holt, No. 08–1028, 2008 WL 5348138, at *2 (M.D. Pa. Dec.17, 2008)).

Additionally, the Court notes that Reid-Douglas has previously litigated his objections to his assignment to the STGMU in this Court, through a Motion for a Temporary Restraining Order and Preliminary Injunction. See, Douglas v. McAnany, No. 12-1168, 2012 WL 6763586, at *2 (W.D. Pa. Dec. 21, 2012) *report and recommendation adopted sub nom.* Reid-Douglas v. McAnany, No. 12-1168, 2013 WL 42377 (W.D. Pa. Jan. 3, 2013) (ECF No. 16). That action was settled discharging all claims then extant.

Even if Reid-Douglas' STGMU claim, deemed not yet ripe for resolution in the earlier action, survived the settlement that he entered into, this Court had determined that Reid-Douglas' assignment to the STGMU was appropriate. First, as discussed in the previously issued Report and Recommendation, the United States Court of Appeals for the Third Circuit has found that a

7

Security Threat Group Management Unit meets the legitimate penological interest of reducing the increased risk of violence presented by certain inmates, and that transfer to the unit does not violate an inmate's substantive due process rights. Fraise v. Terhune, 283 F.3d 506, 520-523, (3d Cir. 2002). "Although inmates who are transferred to the STGMU face additional restrictions, we hold that the transfer to the STGMU does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. See Griffin v. Vaughn, 112 F.3d 703, 706 – 708 (3d Cir. 1997) (15 months in administrative segregation not atypical and significant hardship); see also, e.g., Jones v. Baker, 155 F.3d 810, 813 (6th Cir. 1998) (confinement in administrative segregation for two and one-half years is not 'atypical and significant' hardship); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir.1996)(rejecting as frivolous a claim that classification as gang member and placement in administrative segregation unit deprived inmate of a protected liberty interest). Thus, the plaintiffs lack a protected liberty interest and their due process claim must fail." Fraise, 283 F.3d at 523.

Second, as applied to Reid-Douglas, the evidence produced in the earlier proceedings plainly documents the legitimate penological interests served through Reid-Douglas's transfer to the STGMU, as well as the availability of an opportunity and a procedure to challenge such placement, should it occur.[2] See, Douglas v. McAnany, No. 12-1168, ECF No. 1-2. p. 23

---

[2] In particular, in resolving Reid-Douglas' Motion for a Temporary Restraining Order, this Court stated:

> Defendants have presented the anticipated testimony of Pennsylvania Department of Corrections' officials as well as employees at SCI–Greene, who have represented to counsel that the STGMU is a new unit at SCI–Greene which would enable the facility to identify, house and provide particularized programming for inmates "who exhibit certain disruptive or violent behaviors in connection with or because of their affiliation with a Security Threat Group (STG)—commonly referred to as gangs." [ECF No. 30, p. 5]. The program "has multiple phases of

8

(advising Reid-Douglas of appeal process); and ECF No. 1-2, p. 29 (explaining that Reid-Douglas's "past assaultive behavior and severe nature of misconduct activity is a threat to the safe and secure operation of this Institution").

Accordingly, in the absence of a justiciable claim regarding placement in the STGMU, Plaintiffs' Complaint fails to state any claim upon which relief may be granted as a matter of law.

### 4. Thomas Scott is barred by the "first-filed rule" from re-litigating his claims at issue in a pending lawsuit.

Plaintiff Thomas Scott ("Scott") is the named plaintiff in Scott v. McBride, No. 1:13-0012 (W.D. Pa. Dec. 26, 2013), a pending lawsuit where he also asserts claims regarding the propriety of his classification as part of a Security Threat Group ("STG") based on religious factors, defamation, and alleged retaliation for filing grievances and litigation against DOC employees. See, McBride, No. 13-12, ECF No. 36, ¶¶ 225, et seq. Plaintiffs' Complaint in this action, filed on June 18, 2014, contains a nearly verbatim adoption of the Scott-related allegations set forth in the McBride Second Amended Complaint. See, McBride, No. 13-12, ECF No. 36 ¶¶ 230 – 274, Reid-Douglas, No. 15-533, ¶¶ 95 – 133. Both Complaints allege: (1) that Scott's First and Fourteenth Amendment rights have been violated because he is a follower of

---

programming and privileges ... which are designed in part to assist the inmate in improving his behavior and take steps toward being able to return to a general population setting, and get out of perpetual DC or AC status in the RHU." Id. "Inmate Reid–Douglas is under consideration for placement in the STGMU and has been advised of this. He has a long history of misconducts and disruptive, violent behavior. He is also known to be affiliated with the Bloods. There is an appeal process in place for inmates placed in the STGMU and Inmate Reid–Douglas has been advised of this as well." ECF No. 30, p. 6.

Douglas v. McAnany, 2012 WL 6763586, at *2.

9

The Nation of Islam/Muhamads Temple of Islam, (2) that he has suffered defamation having been labeled as a security threat because of his religion, and (3) that he suffered retaliation for filing grievances and the McBride litigation. Consequently, all of Scott's claims are duplicative and should be dismissed as frivolous. See, Watson v. Wetzel, No. CIV.A. 11-281J, 2013 WL 501376, at *9 (W.D. Pa. Jan. 9, 2013) *report and recommendation adopted*, No. CIV.A. 11-281J, 2013 WL 504712 (W.D. Pa. Feb. 8, 2013) *aff'd sub nom*. Watson v. Sec'y Pennsylvania Dep't of Corr., 567 F. App'x 75 (3d Cir. 2014).[3]

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss [ECF No. 43] be GRANTED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections to this Report and Recommendation by June 15, 2015. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

---

[3] Because of the recommended disposition of this matter, Defendants' remaining arguments in support of dismissal need not be reached.

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                          Respectfully submitted,

                                          /s/ Maureen P. Kelly
                                          MAUREEN P. KELLY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 27, 2015

cc:      The Honorable Nora Barry Fischer
         United States District Judge

         All counsel of record by Notice of Electronic Filing

         Steven Reid-Douglas
         JH-8196
         SCI Greene
         175 Progress Drive
         Waynesburg, PA 15370

         Thomas Scott
         119 Spingvalley Road
         Darby, PA 19023

         Thomas Scott
         2118 Woodstock Street
         Philadelphia, PA 19121

         Daliyl Muhammad
         GB-0883
         SCI Fayette
         Special Mail-Open Only in Presence of Inmate
         P.O. Box 999
         LaBelle, PA 15450-0999